UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN K. BLACK,

*Plaintiff-Appellant,*

v.

JOHN R. HOFFMAN,

*Defendant-Appellee.*

No. 00-1797

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-98-2846-6-24)

Argued: February 28, 2001

Decided: April 13, 2001

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Robert Calvin Wilson, Jr., Greenville, South Carolina, for
Appellant. Stephanie Holmes Burton, GIBBES BURTON, L.L.C.,
Greenville, South Carolina, for Appellee. **ON BRIEF:** Frank H. Gib-
bes, III, GIBBES BURTON, L.L.C., Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Black filed suit against John Hoffman alleging numerous breach of contract and fiduciary duty claims. The district court dismissed all of Black's claims on summary judgment. Finding no error, we affirm.

In 1993 John Black joined RightSource, Inc., a computer consulting company founded by President and CEO John Hoffman. While encouraging Black to leave his job at IBM, Hoffman agreed that at some point in the future he would establish an employee stock option plan (ESOP) so that Black could gain an equity interest in Right-Source. In 1995, Hoffman attempted to make good on his promise to Black by having RightSource adopt a nonqualified incentive stock option plan. Black executed the relevant agreements needed to participate in the plan. Included in these agreements was a general release of the company, its shareholders, directors and officers from any claims relating to any prior agreements or promises relating to the issuance of stock (or related instruments) in the company.

In April 1996, First Union Capital Partners (FUCAP) made an offer to purchase 50% of RightSource's stock from Hoffman. As a part of the acquisition, Black agreed to sign various documents modifying the 1995 options plan. Included in these documents was another release, nearly identical to the one signed in 1995. Approximately one year later, another company, Caribiner, began the process of purchasing RightSource. This transaction also required Black to sign a set of documents modifying the options plan. Included in these documents was a third, extremely broad release.

Black left Caribiner in August 1998 because he did not think it was a well run company and because he no longer wanted to work with Hoffman. He subsequently filed suit against Hoffman alleging numer-

ous breach of contract and fiduciary duty claims. The contract claims alleged that Hoffman failed to honor the original agreement with respect to establishing an ESOP. The fiduciary duty claims alleged that Hoffman violated his duty to Black by not informing Black that the FUCAP transaction affected a change in ownership. Under the original 1995 nonqualified incentive stock option plan, a change in ownership triggered an immediate vesting of all options. According to Black, Hoffman's failure to disclose the details of the FUCAP transaction caused Black to miss the opportunity to exercise his accelerated vesting rights.

The district court dismissed all of Black's claims on summary judgment. With respect to the contract claims, the district court held that these were barred by the various releases Black signed. For example, the first and second release both required Black to release "the Company, its shareholder(s), directors and officers from any demands and claims arising from or in connection with any prior agreements" regarding "the grant, transfer or issuance of Common Stock . . . or any interests or rights in the Company similar to any of the foregoing." The third release was even broader. It stated that Black "releases, holds harmless and forever discharges each of the Releasees . . . of all actions, causes of action, suits, debts, guaranties, dues, sums of money, accounts, reckonings" and the like that Black "ever had, now [has] from the beginning of time through the date hereof."

With respect to the fiduciary claims, the district court expressed skepticism as to whether Hoffman even had a fiduciary duty to Black. According to the district court, since Black's options were merely an unexercised contractual right to purchase equity, they likely did not qualify for fiduciary protections. However, even if stock options qualified for fiduciary protections, the district court found nothing in the written terms of the 1995 agreement requiring Hoffman to protect Black's interests in the event of an acquisition. Thus, the district court held that even if Hoffman had a fiduciary duty to Black, it was not breached as a result of the FUCAP transaction.

In a separate ruling the district court rejected Black's Rule 59(e) motion seeking certification of certain state law questions to the South Carolina Supreme Court. There are only three limited grounds for a

district court to grant a 59(e) motion: (1) to accommodate an interven-ing change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent mani-fest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The district court denied Black's motion because it did not fall into any of these three categories.

Having had the benefit of oral argument and the parties' briefs, we conclude that the district court correctly granted summary judgment to Hoffman. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*